# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHELLE McKINNEY, Individually, and as Administrator of the Estate of Lucille Dubose,<br><br>    Plaintiffs,<br><br>v.<br><br>GWINNETT OPERATIONS, LLC d/b/a LIFE CARE CENTER OF LAWRENCEVILLE, and LIFE CARE CENTERS OF AMERICA, INC.,<br><br>    Defendants. | CIVIL ACTION NO. |

## GWINNETT OPERATIONS, LLC d/b/a LIFE CARE CENTER OF LAWRENCEVILLE, and LIFE CARE CENTERS OF AMERICA, INC.'S NOTICE OF REMOVAL

Because Defendant Life Care Centers of America, Inc. ("Life Care") is a citizen of Tennessee, Defendant Gwinnett Operations, LLC is a citizen of Tennessee, and Plaintiffs are citizens of Georgia, the parties in this case are diverse. And because Plaintiffs seek to recover wrongful-death damages, pain-and-suffering damages, medical expenses, and punitive damages, the amount in controversy exceeds $75,000 based on the allegations contained in the complaint. This Court therefore has original jurisdiction under 28 U.S.C. § 1332(a), and this

case is properly removable from the State Court of Gwinnett County, Georgia to this Court in accordance with 28 U.S.C. §§ 1441 and 1446.

## I. Background

1. Plaintiffs filed this case on January 26, 2018, alleging claims of professional negligence, negligence based on Defendants' alleged violations of the Georgia Bill of Rights for Residents of Long-Term Care Facilities, simple negligence, and failure to properly staff and train. (See Ex. A, Compl.) In short, Plaintiffs contend that Lucille Dubose was a resident of a long-term care community and that Defendants failed to properly care for her, which ultimately led to her death. (See Compl.) Plaintiffs seek wrongful-death damages, pain-and-suffering damages, medical expenses, and punitive damages.

2. Plaintiffs served Defendants on January 29, 2018 with the complaint and discovery requests. (See Exs. A, B, D, F, & G.)

3. Defendants are, contemporaneously with this notice of removal, filing and serving their answers to Plaintiffs. (See Docs. 1-11 & 1-12.)

4. Life Care is a corporation incorporated in Tennessee with its principal place of business in Tennessee. Gwinnett Operations is a limited-liability company, and its members are citizens of Tennessee.

## II. **Removal Procedures**

5. A defendant may remove from state court any case over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As explained below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

6. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Defendants received a copy of the initial pleading when Plaintiff served Defendants on January 29, 2018. This removal is therefore within 30 days after receipt of the initial pleading.

7. In cases involving multiple defendants, all defendants that have been served must consent. 28 U.S.C. § 1446(b)(2)(A). Both Defendants in this matter consent to removal.

8. And in accordance with 28 U.S.C. § 1146(a), Defendants have attached to this filing copies of all "process, pleadings, and orders served upon" Defendants in this case. (See Exs. A–I.)

### III. Subject-Matter Jurisdiction

9. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10. As noted, Life Care is a corporation incorporated in Tennessee with its principal place of business in Tennessee. (Ex. H.) Life Care is therefore a citizen of Tennessee. See 28 U.S.C. § 1332(c)(1). As noted, Gwinnett Operations is an LLC. For diversity-jurisdiction purposes, an LLC is a "citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Gwinnett Operations has two members: Forrest Preston and Developers Investment Company, Inc. Mr. Preston, an individual, is a citizen of Tennessee, and Developers Investment Company, Inc. is a Tennessee corporation with its principal place of business in Tennessee (id.). Thus, Gwinnett Operations is a citizen of Tennessee.

11. A plaintiff who brings a claim as a representative an estate is deemed a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Because Lucille Dubose was a citizen of Georgia, Plaintiff Michelle McKinney as the representative of Dubose's estate is a citizen of Georgia. Plaintiff Michelle

McKinney as an individual plaintiff is, based on information and belief, also a citizen of Georgia.

12. That the amount in controversy exceeds $75,000 is facially apparent based on the "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations from the complaint." See Roe v. Michelin N. Am., 613 F.3d 1058, 1062 (11th Cir. 2010) (citation and internal quotation marks omitted) (concluding the jurisdictional amount was satisfied in a wrongful-death suit). Plaintiffs allege, for example, that Defendants' actions caused "the serious injury, illness, dehydration, pressure sore, terrible pain, suffering anguish and grief, and subsequent death, of Lucille Dubose." (Compl. ¶ 78.) And Plaintiffs seek to recover wrongful-death damages, pain-and-suffering damages, medical expenses, funeral expenses, and punitive damages. (See id. ¶¶ 68–70, 76, 80, 94, 96, 106, 107, 109–111 .) Based on the seriousness of Plaintiffs' allegations and the extent to which Plaintiffs seek to recover, it is facially apparent from the complaint that Plaintiffs seek more than $75,000 in damages. See Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC, 1:15-CV-02455-MHC, 2015 WL 11455589, at *3–4 (N.D. Ga. Nov. 4, 2015) (finding amount in controversy satisfied where the plaintiff sought to recover wrongful-death damages, pain-and-suffering damages, medical expenses, lost wages, and punitive damages).

## IV. Conclusion

13. In sum, because Plaintiffs and Defendants are diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332(a). And because Defendants' notice of removal is timely and in accordance with 28 U.S.C. §§ 1441 and 1446, removal from state court to this Court is appropriate.

Respectfully submitted this 28th day of February, 2018.

**HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E. Suite 2900
Atlanta, GA 30303
(404) 954-5000

*/s/ T. Andrew Graham*
T. ANDREW GRAHAM
Georgia Bar Number 304777
*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MICHELLE McKINNEY, Individually, and as Administrator of the Estate of Lucille Dubose,<br><br>　　　　Plaintiffs,<br>v.<br><br>GWINNETT OPERATIONS, LLC d/b/a LIFE CARE CENTER OF LAWRENCEVILLE, and LIFE CARE CENTERS OF AMERICA, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO. |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record with a copy of the within and foregoing ***GWINNETT OPERATIONS, LLC d/b/a LIFE CARE CENTER OF LAWRENCEVILLE, and LIFE CARE CENTERS OF AMERICA, INC.'S NOTICE OF REMOVAL*** by electronic mail and by placing a copy of same in the United States Mail with adequate postage affixed thereon, addressed as follows:

Stephen R. Chance, Esq.
Lance D. Lourie, Esq.
Suzanne T. Fink, Esq.
Watkins, Lourie, Roll & Chance, PC
5607 Glenridge Drive, Suite 500
Atlanta, GA  30342

This 28th day of February, 2018.

**HALL BOOTH SMITH, P.C.**

*/s/ T. Andrew Graham*
191 Peachtree Street, N.E. Suite 2900   T. ANDREW GRAHAM
Atlanta, GA 30303   Georgia Bar Number 304777
(404) 954-5000   *Counsel for Defendants*